UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RYAN F. BROWN, | ) | CASE NO. CV 12-00245 GAF (RZ) |
|            Petitioner, | ) ) | |
| vs. | ) ) | ORDER TO SHOW CAUSE RE TIMELINESS |
| WARDEN, | ) ) | |
|            Respondent. | ) ) | |

The Court issues this Order To Show Cause directed to Petitioner because the action may be time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).

The current petition appears to have been constructively filed on January 2, 2012, for that is the date on which Petitioner indicates he signed it. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a) On February 6, 2006, in Los Angeles County Superior Court, Petitioner pleaded no contest to several charges, including robbery and certain enhancements for criminal street gang participation. *See* Pet. ¶ 2 (omitting date of conviction and indicating not only "Nolo contendere" plea but also "Not guilty" plea); *see also* unlabeled Exhibit to Pet. (copy of California Supreme Court petition filed in 2010) at internal p.2 (indicating Feb. 6, 2006 conviction date). He was sentenced to 29 years in prison. Pet. ¶ 2(f).

(b) Petitioner did not appeal. Pet. ¶ 3. His conviction became final after Friday, April 7, 2006, after his 60-day deadline for seeking a certificate of probable cause, and noticing an appeal, expired. *See* CAL. R. CT., Rules 8.304(b) (need for certificate) & 8.308 (60 day deadline).

(c) Over two years passed. At an unspecified date, presumably in early or mid-July of 2008, Petitioner filed a petition for a writ of habeas corpus in the trial court. That court denied relief on July 17, 2008. Pet. ¶ 6(a).

(d) Two and a half more years passed. At the end of 2010, Petitioner presented another habeas petition, this time to the California Supreme Court. *See* Pet. ¶ 6(b)(3) (noting filing date of Dec. 26, 2010). That court denied relief on June 15, 2011 with citations indicating its view (a) that Petitioner had delayed excessively and without good cause in bringing the petition, and (b) that Petitioner was attempting piecemeal submission of claims not presented in his prior state habeas petition. *See* Ex. A to Pet.

(e) Six months after the foregoing rejection, Petitioner filed this action.

* * * * *

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale early in April of 2007, one year after his conviction became final in April of 2006. Even if Petitioner were not already tardy at that point, his twenty-nine month delay in filing his next state-court petition would have consumed his one-year limitations period twice over and to spare. (His six month delay after the final state-court rejection also does not aid him.)

No basis appears in the petition for a later AEDPA-limitations-period starting date. Nor does the face of the petition disclose any basis for equitable tolling.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED:   January 12, 2012

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　RALPH ZAREFSKY
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE